**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00404-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  GREGORY DARIUS DIXON,
4.  SANTIAGO MENA-FLORES, and
5.  BENITO GARCIA,

    Defendants.

## ORDERS RESOLVING RIPE PRETRIAL MOTIONS

**Blackburn, J.**

The three above-named defendants have filed pretrial motions. The government has filed responses to most, but not all, of defendants' substantive motions.[1] Some of defendants' motions, i.e., their motions to suppress, have been set for evidentiary hearing.[2] Many of their other pretrial motions are ripe and may be resolved on the papers without further briefing, evidentiary hearing, or oral argument. This order is entered to resolve those pretrial motions that are now ripe.

---

[1] The government did not respond initially to docket entries 137 and 138. However, by Minute Order [#211] entered October 12, 2006, the government must respond to those motions by October 19, 2006.

[2] *See* docket entries 135, 138, and 161.

Defendants' motions fall roughly into the following categories, which I will address in turn: motions for discovery;[3] motion for disclosure of confidential informants;[4] motions to sever;[5] motions for disclosure under Fed.R.Evid 404(b);[6] motions for pretrial determination of Fed.R.Evid. 801(d)(2) evidence;[7] motion for disclosure of grand jury materials;[8] and motion for bill of particulars.[9]

Concerning defendants' various motions for discovery, I find and conclude as follows: 1) that defendants have been provided *pro tanto* the discovery to which each is entitled under Rule 16, as codified and construed, and under **Brady, Bagley, Giglio**, and their progeny;[10] 2) that no discreet or specific discovery violations are alleged; and 3) that defendants are not now entitled to discovery beyond that already provided by the government or otherwise available to them.[11] Thus, to the extent defendants have the discovery to which they are entitled, their motions should be denied as moot, and to the extent defendants request discovery to which they have no right, their motions should

---

[3] *See* docket entries 139, 143, 144, 145, 147, 149, 150, 151, 153, and 156.

[4] *See* docket entry 140.

[5] *See* docket entries 142 and 152.

[6] *See* docket entries 146 and 154.

[7] *See* docket entries 148, 157, and 162.

[8] *See* docket entry 155. Note also that defendant Dixon filed a similar motion, *see* [#137], to which the government must respond by October 19, 2006, *see* Minute Order [#211] entered October 12, 2006.

[9] *See* docket entry 158.

[10] The reference to "**Brady, Bagley, Giglio**," is a reference to **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Bagley**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and **Giglio v. United States**, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[11] Also, I approve, adopt, and incorporate the relevant reasons stated, arguments advanced, and authorities cited by the government in its responses, *see* docket entries 180, 181, and 182.

be denied.

Concerning defendant Dixon's **Motion For Disclosure Of Confidential Informants** [#140] filed May 26, 2006, I find and conclude as follows: 1) that defendant has failed to sustain his burden to demonstrate necessity; and 2) that, thus, the government's privilege of nondisclosure remains viable.[12]

Defendant Dixon requests severance in two motions: his motion to sever [#142] and his motion for relief from prejudicial joinder [#152]. Concerning defendant Dixon's **Motion To Sever Defendant Based Upon Statements** [#142] filed May 26, 2006, I find and conclude as follows: 1) that the defendant is unable to identify any statements that would implicate **Bruton v. United States**, 391 U.S. 123 (1968); and 2) that the government is unaware of any **Bruton** issue, *see* Response at 12, ¶ 24. Thus, defendant's motion to sever should be denied as moot.

Concerning defendant Dixon's **Motion For Relief From Prejudicial Joinder** [#152] filed May 26, 2006, I find and conclude as follows. The concatenated issues of joinder and severance implicate **FED R.CR. P. 8(b)** and **14(a)**. Rule 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Defendant does not contend – nor could he – that he is improperly joined. Ordinarily, defendants who are properly joined under Rule 8(b) should be tried together. *See* **United States v. Yazzie**, 188 F.3d 1178, 1194 (10th cir. 1999); *accord* **United States v. Warner**, 971 F.2d 1189, 1196 (6th Cir. 1992) (collecting cases from

---

[12] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#182] at 12-13, ¶¶ 25-27.

various circuits).

Rule 14(a), in turn, permits a district court to grant relief from prejudicial joinder: ". . . if the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Thus, "Rule 14(a) does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." **Zafiro v. United States**, 506 U.S. 534, 538-39, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993) (omitting internal citations). Defendant seeks severance under Rule 14(a).

Consistent with the law and established preference in the federal system, the government seeks a joint trial of the defendants, who are indicted together, *inter alia*, with conspiracy. **Zafiro**, 506 U.S. at 537. Joint trials "play a vital role in the criminal justice system." **Richardson v. Marsh**, 481 U.S. 200, 209 (1987). Consequently, "[c]ourts generally adhere to the principle that 'those indicted together, especially co-conspirators, should be tried together.'" **United States v. Peveto**, 881 F.2d 844, 857 n.16 (10th Cir. 1989); See also **United States v. Iiland**, 254 F.3d 1264, 1269-70 (10th Cir. 2001).

Thus, in our federal system there exists a pronounced presumption in favor of joint trials and against severance. Joint trials promote economy and efficiency and serve the interests of justice by avoiding multiple trials and inconsistent verdicts. **Zafiro,** 506 U.S. at 540. This strong presumption in favor of joint trials is designed to conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the

necessity of having witnesses reiterate testimony in a series of trials. ***United States v. Kennedy***, 819 F.Supp. 1510, 1516 (D.Colo.,1993) (internal quotations and citations omitted).[13] Joint trials also promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." ***Richardson****,* 481 U.S. at 210.

Therefore, defendant shoulders an enhanced burden to establish prejudice sufficient to warrant severance under Rule 14. ***United States v. Price***, 265 F.3d 1097, 1105 (10th Cir. 2001). Defendant must demonstrate also that severance is the only remedy sufficient to ameliorate the prejudice presented by a joint trial. ***Zafiro****,* 506 U.S. at 538-39.

Here, we have a simple conspiracy case involving a few actors and a straightforward set of events. Thus, complexity and confusion are not a concern. Any concerns justifying severance based upon differing degrees of culpability are simply not present in this case. *See **United States v. Linn***, 31 F.3d 987, 992-93 (10th Cir. 1994). Even assuming, *arguendo*, the efficacy of defendant's uncircumstantiated assertions, disparity of proof among co-defendants and fear of carry over are insufficient *per se* to warrant severance. *See **United States v. Williams***, 45 F.3d 1481, 1484 (10th Cir. 1995).

Finally, any prejudice can be extenuated effectively, if not eliminated altogether by propitious jury instructions – the ameliorating palliative noted and approved in ***Richardson***, ***supra.***, and reaffirmed by ***Zafiro***, ***supra.***, – requiring the jury to give

---

[13] I note importantly that ***Kennedy*** was decided by Judge Babcock after ***Zafiro v. United States****,* 506 U.S. 534 (1993).

separate consideration to each individual defendant and to each separate charge against him and asseverating each defendant's right to have his case determined from his own conduct and from the evidence applicable to him. *See also* **United States v. Wacker**, 72 F.3d 1453, 1467 (10th Cir. 1996); **United States v. Edwards**, 69 F.3d 419, 434 (10th Cir. 1995); **Williams**, 45 F.3d at 434.[14] Thus, defendant's motion for relief from prejudicial joinder should be denied.[15]

Concerning defendants' motions for pretrial disclosure with specificity of the government's intent to offer evidence of similar transactions under Fed.R.Evid 404(b), *see* [#146] and [#154], I find and conclude 1) that the requests are subject to and governed by the extant **Discovery Conference Memorandum and Order**, *see* order at 4, ¶¶ 7(C), entered vis-à-vis each defendant; and 2) that the specificity required by defendants is not mandated by Fed.R.Evid. 404(b) either as codified or construed. Thus, to the extent defendants have or will have the relevant discovery to which they are entitled, their motions should be denied as moot, and to the extent defendants request discovery to which they have no right, their motions should be denied.[16]

Concerning defendants' motions for pretrial determination of Fed.R.Evid. 801(d)(2) evidence, *see* [#148], [#157], and [#162], I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its

---

[14] Consistent with my custom and practice, I intend to give such instructions both during the trial and in my final charge.

[15] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#182] at 3-5, ¶¶ 2-8.

[16] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#182] at 7-9, ¶¶ 15-18, and in its response [#180] at 6-7, ¶ 14.

responses to the motions.[17] Thus, the motions should be denied.

Concerning defendant Mena-Flores' **Motion For Disclosure Of Grand Jury Materials** [#155] filed May 26, 2006, I find and conclude that defendant has failed to establish the particularized need or the compelling necessity that is necessary to warrant and require piercing grand jury secrecy.[18] Thus, the motion should be denied.

Finally, concerning defendant Mena-Flores' **Motion For A Bill Of Particulars** [#158] filed May 26, 2006, I find and conclude as follows. "'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare a defense.'" *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.) (quoting *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)), *cert. denied*, 519 U.S. 901 (1996). Thus, a bill of particulars is not warranted when the indictment sufficiently sets forth the elements of the charged offense. *See United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991); *United States v. Logan*, 241 F.Supp.2d 1164, 1172 (D. Kan. 2002). Moreover, "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (citation and internal quotation marks omitted). Thus, when the information the defendant claims is necessary can be obtained in some other satisfactory form, a bill of particulars is not required. *Logan*, 241 F.Supp.2d at 1173.

---

[17] *See* Response [#180] at 3-4, ¶¶ 7-9; Response [#181] at 1-3, ¶¶ 1-3; and Response [#182] at 5-6, ¶¶ 11-13.

[18] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#180] at 6, ¶ 13.

I find and conclude that the allegations of the second superseding indictment, together with the discovery provided to defendant by the government, are more than sufficient to apprise him of the charges against him such that he can adequately prepare a defense. Therefore, defendant is not entitled to a bill of particulars.[19]

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Dixon's **Motion For Case Specific Discovery** [#139] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

   a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

2. That defendant Dixon's **Motion For Disclosure Of Confidential Informants** [#140] filed May 26, 2006, **IS DENIED**;

3. That defendant Dixon's **Motion To Join And Adopt Motions Of Co-Defendants** [#141] filed May 26, 2006, **IS GRANTED**; provided, furthermore, by October 27, 2006, defendant Dixon shall designate with specificity, i.e., by precise title, docket number, and filing date, each motion of a co-defendant he intends to join;

4. That defendant Dixon's **Motion To Sever Defendant Based Upon Statements** [#142] filed May 26, 2006, **IS DENIED AS MOOT**;

5. That defendant Dixon's **Motion For Preservation Of Government Notes** [#143] filed May 26, 2006, **IS DENIED**;

---

[19] Also, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#180] at 1-3,¶¶ 1-6.

6. That defendant Dixon's **Motion For Early Disclosure Of Jenks Material** [#144] filed May 26, 2006, **IS DENIED**;

7. That defendant Dixon's **Motion And Memorandum For Disclosure Of Evidence Favorable To The Accused** [#145] filed May 26, 2006, **IS DENIED**;

8. That defendant Dixon's **Motion For Disclosure Pursuant To Rules 404(b) And 609 Of The Federal Rules Of Evidence** [#146] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

   a. That concerning the discovery that is required under Fed.R.Evid. 404(b), the motion **IS DENIED AS MOOT**; and

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

9. That the **Motion Of Defendant Gregory Darius Dixon For Discovery And Inspection** [#147] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

   a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

10. That defendant Dixon's **Motion For Pretrial Determination Of Admissibility Of Co-Conspirator Hearsay Under F.R.E. 801(d)(2)(E)** [#148] filed May 26, 2006, **IS DENIED**;

11. That defendant Dixon's **Motion Directing Government To Designate And**

**Transcribe Which "Intruder" Taped Conversations It Intends On Using At Trial And To Provide A transcription Thereof** [#149] filed May 26, 2006, **IS DENIED AS MOOT**;

12. That defendant Dixon's **Motion For Notice Of Government's Intent To Introduce Evidence Pursuant To Rule 807 F.R.E.** [#150] filed May 26, 2006, **IS GRANTED** commensurate with the relevant notice given by the government in its response [#182] at 5, ¶ 9;

13. That defendant Dixon's **Motion For Expert Notice** [#151] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

    a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

    b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;[20]

14. That defendant Dixon's **Motion For Relief From Prejudicial Joinder** [#152] filed May 26, 2006, **IS DENIED**;

15. That the **Motion Of Defendant, Gregory Darius Dixon, Pursuant To Fed.R.Crim.P. 12(b)(4)(B) For Notice Of The Government's Intention To Use Certain Evidence Which May Be The Subject Of A Motion To Suppress** [#153] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

    a. That concerning the notice and discovery that is required by law, the

---

[20] This motion is also subject to and governed by the extant **Discovery Conference Memorandum and Order** [#36] at 3, ¶ I(A) 5, 6, and 7, entered December 9, 2005.

motion **IS DENIED AS MOOT**; and

      b. That concerning the notice and discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

16. That defendant Dixon's **Motion To Join Defendant Benito Garcia's Motion For Disclosure Of The Government's Intention To Introduce Evidence Pursuant To Rule 801(d)(2)(C), (D) And (E) And For Information Regarding Declarants And Co-Conspirators** [#208] filed October 10, 2006, **IS GRANTED**;

17. That defendant Mena-Flores' **Demand Pursuant To Rule 404(b)** [#154] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

      a. That concerning the discovery that is required under Fed.R.Evid. 404(b), the motion **IS DENIED AS MOOT**; and

      b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

18. That defendant Mena-Flores' **Motion For Disclosure Of Grand Jury Materials** [#155] filed May 26, 2006, **IS DENIED**;

19. That defendant Mena-Flores' **Motion To Compel Disclosure Of Promises Of Immunity, Leniency Or Preferential Treatment** [#156] filed May 26, 2006, **IS DENIED IN PART AS MOOT** and **IS DENIED** otherwise:

      a. That concerning the discovery that is required by law, the motion **IS DENIED AS MOOT**; and

      b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion **IS DENIED**;

20. That defendant Mena-Flores' **Motion *In Limine* For A Pre Trial Evidentiary Hearing** [#157] filed May 26, 2006, **IS DENIED**;

21. That defendant Mena-Flores' **Motion For A Bill Of Particulars** [#158] filed May 26, 2006, **IS DENIED**;

22. That defendant Mena-Flores' **Motion For Leave To File Additional Pretrial Motions** [#159] filed May 26, 2006, **IS DENIED** without prejudice;

23. That defendant Garcia's **Motion To Join Motions Filed By Co-Defendant** [#160] filed May 26, 2006, **IS GRANTED**; and

24. That defendant Garcia's **Motion For Disclosure Of The Government's Intention To Introduce Evidence Pursuant To Rule 801(d)(2)(C), (D) or (E) And For Information Regarding Declarants And Co-Conspirators** [#162] filed May 26, 2006, **IS DENIED**.

Dated October 18, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**