# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No.  05-cr-00404-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  GREGORY DARIUS DIXON,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 29(a) & (c)

**Blackburn, J.**

The matter before me is **Defendant's Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure 29(a) & (c)** [#301] filed March 9, 2007.[1] I deny the motion on both procedural and substantive grounds.

The motion implicates Fed. R. Crim. P. 29 (c), which provides :

(c) After Jury Verdict or Discharge.
(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during the 7-day period.
(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
(3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Procedurally, the motion may not be filed pro se, and the motion is untimely.  My

---

[1] The holographic motion is filed pro se.

review of the record indicates that at the time defendant filed his ostensibly pro se motion, he was, in fact, represented by counsel. Generally, if a defendant is represented by counsel, pro se filings are not accepted. *See* **United States v. Pearl**, 324 F.3d 1210, 1216 (10th Cir. 2003).

The motion is also untimely. Under Rule 29(c) the motion must have been filed within seven days after the jury was discharged. Fed. R. Crim. P. 29 (c)(1). The record reflects that the jury was discharged on January 25, 2007, but the motion was not filed until March 9, 2007.

Substantively, the motion is without merit. When considering allegations of insufficiency of evidence, I must consider whether, taken "in the light most favorable to the government," there is substantial evidence from which a reasonable jury might properly find the defendant guilty beyond a reasonable doubt. The court in **United States v. Evans**, 318 F.3d 1011, 1018 (10th Cir. 2003) stated,

> We examine challenges to the sufficiency of the evidence de novo, viewing all evidence and drawing all reasonable inferences in the light most favorable to the government. We limit our inquiry to determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as these duties are delegated exclusively to the jury. Instead, "[w]e presume that the jury's findings in evaluating the credibility of each witness are correct.

*Evans*, at 1018 (internal citations omitted). Here, there is a plethora of evidence from which a reasonable jury might properly find the defendant guilty beyond a reasonable doubt.

Defendant makes much of what he calls "conflicting witness testimony" of his coconspirators, citing in support of his allegations a number of cases decided at the

state level. However, as the jury was instructed prior to its deliberations: "You are the sole judges of the credibility or 'believability' of each witness and the weight, if any, to be given to the witness's testimony." *See* Jury Instruction No. 5. The jury was instructed further:

> The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight, if any, the testimony of an accomplice should have. . . .[T]he testimony of an alleged accomplice may, by itself, support a guilty verdict.

*See* Jury Instruction No. 11. See **United States v. Arias-Santos**, 39 F.3d 1070, 1074 (10th Cir. 1994)(jurors are sole triers of fact and credibility); **United States v. Condrin**, 473 F.3d 1283, 1288 (10th Cir. 2007) (it is not the position of the court to question the credibility of the witness; that task lay with the jury); **Snow v. Sirmons**, 474 F.3d 693, 721 (10th Cir. 2007) (jury properly instructed it was sole judge of credibility of witnesses). There is no reason in the record to usurp the prerogative of the jury. To do so on this record would constitute unwarranted judicial ingerence.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure 29(a) & (c)** [#301] filed March 9, 2007, **IS DENIED**.

Dated March 27, 2007, at Denver, Colorado.

            **BY THE COURT:**

            **s/ Robert E. Blackburn**
            **Robert E. Blackburn**
            **United States District Court**